**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ISRAEL GARZA,
Plaintiff,

Case No. 1:11-cv-541
Dlott, J.
Litkovitz, M.J.

vs

DENNIS ADAMS, et al.,
Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Israel Garza, proceeding pro se, brings this action against defendants Joshua Matthews, Dennis Adams, Esq., Judge Daniel Gattermeyer, and Magistrate Jeffery Giuliano. The matter is before the Court on the following motions: (1) motions to dismiss filed by defendants Gattermeyer, Giuliano and Adams (Docs 5, 7, 9), as to which plaintiff has not filed a response; (2) plaintiff's motions for default judgment against defendants Adams, Giuliano, Matthews and Gattermeyer (Docs. 11, 12, 13, 16), and responses in opposition filed by defendants Adams and Matthews (Docs. 17, 19); and (3) plaintiff's motion to amend the complaint to add Bini Sims, Peggy Stover, and "State Auto Ins." as defendants and to add claims against them (Doc. 15), and a memorandum in opposition to the motion to amend filed by State Auto Insurance Company (Doc. 22).

## I. Procedural History

Plaintiff filed the original complaint in this action on August 10, 2011, claiming that defendants violated his civil rights. (Doc. 1). Plaintiff appears to allege that his due process rights were violated during state court proceedings in the case of *Israel Garza v. Josh Matthews*,

Case No. 10-cv-01494.[1] First, plaintiff appears to claim that Magistrate Guiliano violated his due process rights by not granting default judgment when the defendant failed to file an answer. (Doc. 1 at p. 6). Second, plaintiff alleges that court transcripts disclose that an ex parte communication between the defendants occurred prior to a hearing on December 3, 2010, during the state court case. (*Id.* at p. 7, ¶ 3). Plaintiff alleges that he was excluded from a conversation between attorney Adams and Magistrate Giuliano regarding Ohio consumer solicitation law, during which Adams conveyed misinformation about the law. (*Id.*). Plaintiff alleges that the trial transcript reflects that Magistrate Giuliano stated that the Magistrate "was informed by brief" as to certain matters pertaining to the case. (*Id.*). Plaintiff claims that the ex parte communication resulted in a mistrial and violated his due process rights under the Fifth Amendment. (*Id.*). In addition, plaintiff appears to allege that the state court proceedings somehow violated his rights under the equal protection clause of the Fourteenth Amendment. (*Id.* at ¶ 5). Finally, plaintiff claims that he submitted objections to the alleged ex parte communication to Judge Gattermeyer, and the judge's decision shows that plaintiff cannot get a fair decision from the state court officers. (*Id.* at p. 8, ¶ 6). As relief, plaintiff seeks damages in the amount of $5,000,000.00 against all defendants, jointly and severally, plus interest.

**II. Plaintiff's motions for default judgment**

Plaintiff seeks default judgment against defendants on the ground that they have not filed answers to the complaint. (Docs. 11, 12, 13, 16). Plaintiff has attached to his motions for default judgment highlighted portions of the motions to dismiss and an unidentified transcript excerpt which he alleges support his claims against the defendants. (*Id.*, Exhs. A, B). Defendant

[1]Plaintiff's complaint does not identify the specific state court in which this action was filed.

Matthews argues that the motion for default judgment must be denied as to him because (1) summons has not been issued as to him and he has not been served with summons as required under Fed. R. Civ. P. 4(c)(1), and (2) plaintiff has not shown by affidavit or otherwise that Matthews has failed to plead or defend so as to permit the Clerk to enter Matthews' default under Fed. R. Civ. P. 55(a). (Doc. 19). Defendant Adams contends that plaintiff's motion for default judgment must be denied as to him because he has not been served with summons, he has filed a motion to dismiss which extended the time to file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(4)(A), and plaintiff has failed to show by affidavit or otherwise that Adams has failed to plead or otherwise defend this action. (Doc. 17).

Plaintiff is not entitled to default judgment against any defendant. The record does not reflect that summons were served on defendants with a copy of the complaint as required by Fed. R. Civ. P. 4(c)(1), so that the time period for filing an answer has not begun to run as to any defendant.[2] *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint). Furthermore, defendants Adams, Gattermeyer and Giuliano each filed a motion to dismiss, which altered the time period for these defendants to file an answer. *See* Fed. R. Civ. P. 12(a)(4)(A). Finally, plaintiff has not shown by affidavit or otherwise that defendants have failed to plead or otherwise defend this action as required for the entry of default. *See* Fed. R. Civ. P. 55(a). For these reasons, plaintiff's motions for default judgment should be denied.

[2]The docket sheet reflects that summons were issued as to defendants Adams, Gattermeyer and Giuliano on August 10, 2011. (Doc. 2). However, the summons were never returned executed. There is no entry showing that summons were ever issued as to defendant Matthews.

## III. Defendants' motions to dismiss

Defendants move to dismiss the complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citing *Jones v. Ravitz*, No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6, 2007)).

### A. The claims against defendants Gattermeyer and Guiliano should be dismissed.

Defendants Gattermeyer and Guiliano contend that the claims against them must be dismissed on the following grounds: (1) the Court lacks jurisdiction over plaintiff's claims under

the *Rooker-Feldman* doctrine because plaintiff asks this Court to review a state court judgment to determine whether the judges' decisions were proper; (2) these defendants are absolutely immune from liability for money damages for actions taken in their judicial capacity; and (3) plaintiff has failed to state a claim for relief for violation of his federal constitutional rights by these defendants. The Court finds the motions to dismiss by these judicial officers to be well-taken for the reasons explained below.

"[T]he *Rooker-Feldman* doctrine . . . stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.,* 544 U.S. 280, 284 (2005). In determining whether the doctrine applies, the crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

Plaintiff's allegations are not entirely coherent. However, it appears that plaintiff may be claiming injury resulting from what he alleges to be an erroneous state court judgment. To the extent plaintiff claims he was injured by the decisions rendered by Magistrate Guiliano and Judge Gattermeyer in the case of *Israel Garza v. Josh Matthews*, Case No. 10-cv-01494, this Court lacks jurisdiction over his claims under the *Rooker-Feldman* doctrine.

Insofar as plaintiff claims some other source of injury, his claims against defendants Guiliano and Gattermeyer should nonetheless be dismissed because these defendants are entitled to absolute immunity. The doctrine of judicial immunity protects judicial officers from suits seeking money damages and applies even in the face of "allegations of bad faith or malice." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 498 (6th Cir. 2011) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)). Judicial immunity does not apply in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Mireles*, 502 U.S. at 11-12). Neither of these exceptions applies here because plaintiff challenges actions taken by Magistrate Guiliano and Judge Gattermeyer while they were acting in their judicial capacity. Thus, the complaint against these defendants should be dismissed on the basis of absolute immunity.

**B. The claims against defendant Adams should be dismissed.**

Defendant Adams moves to dismiss the claims against him on the grounds that (1) the elements of a cause of action under 42 U.S.C. § 1983 are not satisfied because Adams, a private attorney for defendant Matthews, was not acting under color of state law, and (2) Adams' act of filing a brief with the court in plaintiff's state law case does not constitute an ex parte

communication and did not violate plaintiff's federal constitutional rights.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citations omitted). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under the color of state law within the meaning of § 1983." *Otworth v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Thus, this requirement of a § 1983 claim is not met as to the claims against defendant Adams. In addition, plaintiff has not articulated a coherent claim against defendant Adams for violation of a federal right. Accordingly, the motion to dismiss by defendant Adams should be granted.

**IV. Plaintiff's motion to amend the complaint**

On September 26, 2011, plaintiff filed a motion to amend the complaint to add a claim for slander against three new parties: "Ms. Bini Sims, Ms. Peggy Stover, and State Auto Ins." (Doc. 15). In support of the motion, plaintiff alleges that on March 24, 2010, he entered into a written contract through his agent with "defendant" for the replacement of the entire roof on defendant's residence.[3] Plaintiff alleges that under the terms of the contract, he was to act as defendant's intermediary in meeting with and negotiating with the insurance adjuster for the replacement of the roof. Plaintiff further alleges that defendants submitted a complaint and letters to the "BBB" (presumably the Better Business Bureau) stating that plaintiff harassed the

[3]The defendant plaintiff is referring to is apparently defendant Matthews. Plaintiff asserts that the contract is attached to the proposed amended complaint as Exhibit C, but there is no contract attached.

defendants, when in fact Peggy Stover "was not present at any discussions of said complaint." (Doc. 15 at 1). Plaintiff has attached two letters to his motion. The first is a letter to the BBB signed by plaintiff as "President, Contract Roofing and Siding," in which plaintiff addresses a complaint filed with the BBB by Bini Sims, who plaintiff identifies as defendant Matthews' mother. The second is a letter from Peggy Stover, an insurance agent, addressed to "To Whom It May Concern," explaining issues Matthews and another insurance client of hers allegedly had with plaintiff's roofing company.

Fed. R. Civ. P. 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." The Court must consider several factors in determining whether to permit an amendment, including futility of amendment. *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

Plaintiff should not be granted leave to amend the complaint. The subject matter of the motion to amend- a state law claim of slander based on a complaint filed with the BBB- is wholly unrelated to plaintiff's claims presented in his original complaint involving alleged civil rights violations premised on actions taken during state court proceedings. Moreover, plaintiff has failed to set forth any facts to show he has a claim for relief for slander against the parties he seeks to add as defendants. Thus, the proposed amendment would be futile.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Plaintiff's motions for default judgment (Docs. 11, 12, 13, 16) be **DENIED**.

(2) The motions to dismiss by defendant Adams, Guiliano and Gattermeyer (Docs 5, 7, 9) be **GRANTED**.

(3) Plaintiff's motion to amend (Doc. 15) be **DENIED**.

Date: 1/31/12

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ISRAEL GARZA,
Plaintiff,

vs

DENNIS ADAMS, et al.,
Defendants.

Case No. 1:11-cv-541
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Israel Garza
6501 Cornell Rd.
Blue Ash, OH 45242

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☑ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number (*Transfer from service label*) 7003 2260 0002 6723 4460

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540