# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ISRAEL GARZA,  
      Plaintiff,

Case No. 1:11-cv-541  
Dlott, J.  
Litkovitz, M.J.

vs

DENNIS ADAMS, et al.,  
      Defendants.

**REPORT AND**
**RECOMMENDATION**

Plaintiff Israel Garza, proceeding pro se, brings this action claiming violations of his civil

rights.   The matter is before the Court on defendant Joshua Matthews' motion to dismiss (Doc. 29)

and plaintiff's "memorandum in support" (Doc. 34), which the Court liberally construes as

plaintiff's response to the defendant's motion to dismiss.   For the reasons that follow, the

undersigned recommends the motion to dismiss be granted and this action be dismissed.

## I. Procedural History

Plaintiff filed the original complaint in this action on August 10, 2011.   (Doc. 1).   Plaintiff

appears to allege that his due process rights were violated during state court proceedings in the case

of *Israel Garza v. Josh Matthews*, Case No. 10-cv-01494.   As relief, plaintiff sought damages in

the amount of $5,000,000.00 against all defendants, jointly and severally, plus interest.   Plaintiff

named as defendants Joshua Matthews, Dennis Adams, Esq., Judge Daniel Gattermeyer and

Magistrate Jeffery Giuliano.   (Doc. 1 at p. 2).   Defendants Gattermeyer, Giuliano and Adams filed

motions to dismiss plaintiff's claims against them, which the Court granted.   (Doc. 35).   The sole

defendant remaining in the lawsuit, Matthews, has filed a motion to dismiss the complaint against

him pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]   (Doc. 29).

## II. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits.  *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).  Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citing *Jones v. Ravitz*, No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6, 2007)).

---

[1]Defendant's motion does not set forth any grounds for dismissal under Rule 12(b)(1).

### III. The complaint against defendant Matthews should be dismissed.

Defendant Matthews moves to dismiss the complaint against him on the ground that the elements of a cause of action under 42 U.S.C. § 1983 are not satisfied because (1) defendant did not violate a federal constitutional right of plaintiff, and (2) defendant was not acting under color of state law.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citations omitted).   In the complaint plaintiff has not articulated a coherent claim, as best the court can discern, against defendant Matthews for a violation of a federal right.   Additionally, plaintiff alleges no facts to show defendant Matthews was acting under color of state law.   Plaintiff's complaint simply names Matthews as a defendant and does not make a single allegation as to what, if any, conduct defendant Matthews engaged in.

Plaintiff does make allegations against Matthews in his memorandum opposing defendant's motion to dismiss.   However, even though the rules are liberally construed for a pro se plaintiff, the Court may not consider matters beyond the face of the complaint when reviewing a Fed. R. Civ. P. 12(b)(6) motion.   *See Chasteen v. Jackson*, No. 1:09-413, 2011 WL 797404, at *4 (S.D. Ohio Feb. 28, 2011) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001)).   Assuming, *arguendo*, the Court could consider the allegations included in plaintiff's response to the motion to dismiss, plaintiff still fails to state a claim under 42 U.S.C § 1983 against defendant Matthews. Plaintiff alleges only that after being informed by the bailiff in his state court breach of contract action that no one was allowed in the courtroom until 1:00 p.m., he witnessed Matthews and Matthew's attorney, Adams, exiting the Magistrate Judge's courtroom at 1:03 p.m. with a witness

3

present.   Plaintiff alleges that Matthews was therefore involved in an improper ex parte contact that violated plaintiff's Fifth Amendment and other constitutional rights.   Plaintiff's disjointed and vague factual allegations and legal conclusions do not permit the Court to draw a reasonable inference that Matthews, the named defendant in plaintiff's state court action, was acting under color of state law or that Matthews violated plaintiff's constitutional rights in any manner.   The complaint therefore fails to state a claim for relief against Matthews, and defendant's motion to dismiss should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant Matthews' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 29) be GRANTED and this case be DISMISSED.

Date:  6/13/12

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ISRAEL GARZA,                                           Case No. 1:11-cv-541
           Plaintiff,                                   Dlott, J.
                                                        Litkovitz, M.J.

           vs

DENNIS ADAMS, et al.,
           Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.    This period may be extended further by the Court on timely

motion for an extension.    Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.    If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.    A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.    Failure to make objections in

accordance with this procedure may forfeit rights on appeal.    *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X ☑ Agent ☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Israel Garza
6501 Cornell Rd.
Blue Ash, OH 45242

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(*Transfer from service label*)

7003 2260 0002 6723 4927

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540